In The United States District Court
For The Western District of Pennsylvania

FILED

2010 APR -1  AM 10: 52

CLERK
U S DISTRICT COURT

Leslie Mollett
    (Plaintiff)

Vs.

Cpt. Leicth, Warden Rustin,
Deputy Emrick, Deputy Bohn,
Mjr. Donis, Capt. Flood
    (Defendant)

Civil Action No. 09-1192

Amended complaint

## Amended Complaint

Now comes plaintiff, Leslie Mollett, pursuant to rule 15(A), and 19(A) of the Fed. R. Civ. P. and amends his complaint with (1) added named defendant, Capt. Flood, Statement of Facts 2-29 and legal claims 30-36, not mentioned in original complaint, as follows:

### I, Defendant

(1) Defendant Capt. Flood is Capt. of the Allegheny County Jail who, at all times mentioned in this amended complaint held the rank of Capt. and was assigned to Allegheny County Jail.

### II. Facts

(2) On or about August, sometime before being restricted of all my pre-trial detainee rights, I gave a letter to c/o Pofi to give to Capt. Pofi whom I address a brief letter about how I felt that due to my case that the newspaper article was directed to me that I am a part of the situation that is occurring at the jail.

(3) On 08-31-07, plaintiff removed from his population cell on 8-d by Capt. Pofi and Capt. Leicht, escorted to solitary confinement cell 116 8-e. Plaintiff asked Lt. Leon why he was being held/placed in solitary confinement and received no response.

(4) On 08-31-07, plaintiff filed a written complaint to Sgt. Dickey asking why he was being unlawfully housed in solitary confinement.

(5) On 08-02-07 Lt. Leon told plaintiff he was placed in solitary confinement on the orders of defendant Capt. Pofi and Capt. Leicth because both defendants felt the plaintiff had something to do with a circulating snicth list.

(6) On 09-24-07 plaintiff sent defendant Deputy Warden Emrick a written request asking why his mother and kid's mother was being denied visitation, defendant was also apprised that plaintiff never received no misconduct incident report for his confinement to the solitary confinement, defendant Deputy Warden Enrick never responded to plaintiffs request.

(7) On 09-25-07 Sgt. Dickey responded to complaint #07-302 informing plaintiff that his complaint is noted and sent to internal affair's Capt. Pofi and Capt. Leicth, plaintiff never anything from the defendant's.

(8) On 09-26-07 a notice from defendant Warden Rustin informing all inmates of trial rules and crime code violations. One of the crime code violations was "witness intimidation".

(9) On 09-27-07 plaintiff sent (2) written complaints to defendant Warden Rustin as to objections to the findings from Sgt. Dickey. The complaint official# 07-302 asking defendant Warden Rustin why he was being held in solitary confinement and apprising said defendant that he was a pre-trial detainee, that his legal case file was unlawfully being censored and withheld. Plaintiff was being retaliated against on speculation that plaintiff was involved with a circulating snitch list. Plaintiff also informed defendant Warden Rustin in said written complaint that his lawyer John Elash was denied visitation and plaintiff was denied telephone call to him before and during trial. Defendant was also informed plaintiff's regular family visits were being denied. Plaintiff also informed defendant Rustin that plaintiff was never issued an investigation report, misconduct report, administration custody notice, afforded any due process whatsoever, lastly plaintiff informed defendant Rustin that if he was not told why he was being held in solitary confinement and given the rights afforded him, plaintiff would be filling a lawsuit. Defendant Warden Rustin never responded to plaintiff's (2) complaints forms.

(10) Sometime in Oct. of 2007 attorney John Elash was denied to have an attorney-client visit, plaintiff had to get a court order to received attorney visits.

(11) On or about Oct. of 2007 plaintiff was in trial and had a court order to received phone calls in order to make contact with witnesses for trial, plaintiff's verbal request for phone calls were denied.

(12) 11-07-07 defendant(s) Warden Rustin, Capt. Flood were sent request from plaintiff about cruel and unusual punishment to be housed on 8-e without no rules being broken by plaintiff, being denied medical treatment, visit being refused by the jail, denied phone calls to attorney or others. None of the mentioned defendants responded to request.

(13) On or about Nov. 2007, Tamara Miller and mother Brenda Banks were still being denied, to visit plaintiff.

(14) In or around Nov. 2007, Tamara Miller comes back to visit plaintiff again, plaintiff's visitor was on visit ½ hour, that time was being deducted from the 1 hour visit plaintiff was receiving on the housing unit.

(15) 11-08-07 plaintiff sent request to defendant Capt. Flood asking why my visits are being bothered again, that my visitor had been restricted since Aug. 30, 2007 an and off that before this punishment occurred plaintiff never had a visit problem, and where's a lock down notice, no response from defendant.

(16) On 11-15-07 request addressing that the authority of allegheny county jail does not wish to comply with plaintiff's constitutional rights at all and that plaintiff tried to address this since Aug. 2007 when filling the first complaint, no response from none of the defendants.

(17) On 11-22-07 request sent to Sgt. Dickey pertaining to property that was taken by staff that was destroyed by Capt. Leicht on Oct. 16th. or Oct. 17th. when the Capt. sent a letter to the courts saying that property was destroyed during plaintiff's trial. Request was forwarded to Capt. Leicht and no response back to request.

(18) On 11-23-07 request to Capt. Leicht about why plaintiff's property was not returned and where's the rest of plaintiff's legal material and why was my personal property destroyed, no response.

(19) On 12-05-07 request to Capt. Flood pertaining to visits, no response.

(20) On 12-06-07 request to Capt. Flood why plaintiff not allowed to have movement, why plaintiff was being denied medical treatment and why my visits was still being bothered, no response.

(21) On 12-08-07 Deputy Bohn, Mjr. Donis, Capt. Flood were given a written request by plaintiff asking for a legal phone call and plaintiff received no response from any of them.

(22) On 12-09-07 plaintiff sent request to Deputy Emrick telling him plaintiff's visitor's are still being restricted when the Monday before 12-09-07 plaintiff had a visit, no response from him.

(23) On 12-10-07 plaintiff sent written request to Deputy Bohn due to being denied medical treatment, no response from him.

(24) On 12-11-07 plaintiff sent Capt. Flood a written request on visitor still being restricted, no response from him.

(35) Plaintiff was deprived of the first amendment when visitor's were being denied to visit plaintiff during the mentioned times in above facts, this denial stop plaintiff the right to associate with anyone you choose.

(36) Plaintiff was deprived of the right of a pre-trial detainee Fifth, Eight, and Fourteenth amendment were deprived from the plaintiff.

Wherefore, plaintiff request that this honorable court grant following relief:

A. Issue a declaratory judgement stating:
1. The action of defendants violated plaintiff's constitutional rights under the first, fourth, fifth, sixth, eight, and fourteenth amendments and under the PA. state constitution along with violating state law and their own policies directives. Placing plaintiff in the R.H.U. by Capt. Leicth violated plaintiff rights under each above mentioned amendment.

B. Issue an injunction ordering defendants to:
1. Not place plaintiff in the R.H.U. for issues dealing with this complaint.
2. Allow plaintiff to visit with family, friends, and make phone calls when in the county jail dealing with this action and criminal action.
3. To give plaintiff an other reports and a due process hearing before placing him in administration custody unit.

## VERIFICATION

I hereby verify and declare under penalty of perjury that all statements in this civil action are true and correct.

Respectfully Submitted,

*Leslie Mollett*
Leslie Mollett Fx-5452
1111 Altamont Blvd.
Frackville, Pa. 17931